Matthias, J.
This ease comes into this court on appeal from the probate court of this county. There the plaintiff, as the administrator de bonis non of the estate Wyatt Stewart, deceased, sought an order of the probate court to sell certain real estate therein described, which it is claimed was by the will of said Wyatt Stewart devised to his children named, subject to the life estate of his widow; that his widow died in 1888.
Upon the hearing it appeared that Wyatt Stewart by his last will, which was duly probated, gave to his wife, Martha Jane, one-third of his real estate and some personal property therein named, being two cows and household goods and provisions in *554 value not to exceed $200, and further stated (as to the one-third of his land devised to his wife):
“After her death I wish the same sold and the proceeds 'divided equally among my children.”
The will further provided as follows;
“I wish my executor hereinafter named to sell all my property real and personal, after filling above bequest, and pay all debts from the proceeds of said sale and put whatever balance of money there may be arising from said sale at interest until my children become of age, at which time I want the money divided equally between my said children.”
Jo,siah B. Roberts was appointed and afterwards qualified as executor of said will. Shortly after the death of Wyatt Stewart, which was in 1860, proceedings were instituted in the Probate Court of Allen County by said executor to sell real estate to pay debts. Of s\ich proceedings as were had at that time there can be found no papers or records other than three entries, copies of which, together with entry showing election of the widow, are attached hereto and will be referred to hereafter.
Out of said proceedings arise the questions presented in this case. But let us further state the facts appearing and which we find from the evidence before us. Upon the daté of the last entry, that numbered three, being September 29, 1860, said executor by a deed in full and proper form conveyed to Alexander Creps all the real estate owned by Wyatt Stewart at his death, two hundred acres. About a month thereafter said Alexander Creps bought of the widow, Martha Jane Stewart, all her right, title and interest in said two hundred acres and received a quit-claim deed therefor, in which deed it is recited, following the description: “The same being the premises sold by J. B. Roberts, executor of the last will and testament of said Wyatt Stewart by order of the Probate Court of Allen County, and upon which dower was assigned by metes and bounds by the appraisers appointed for that purpose to the said Martha Jane Stewart, as follows, to-wit:” (being the premises sought to be sold in this proceeding).
*555 Said. Alexander Creps then went into possession of all said real estate, and he and his grantee, William Creps, defendant herein, have held exclusive possession thereof ever since.
The three surviving children of said Wyatt. Stewart are also made defendants herein, and it is urged by the plaintiff that—
1. The proceedings, such as were had in the probate court,were only for the sale of the two-thirds of said two hundred acres; that no more could be sold.
2. The widow elected to take under the will and in pursuance of her election said fifty-four acres were set off as such third.
3. That her deed to Alexander Creps conveyed but her life estate, which was all she had, and that upon her death, which occurred in 1888, it became the duty of the executor under the will to sell said fifty-four acres and divide the proceeds equally between said children.
4. That said minors were not parties to said action in the probate court to sell real estate, or if they were, that they were not served with any notice, and that therefore the probate court had no jurisdiction to order sale thereof.
5. That it is now the duty of said probate court to direct the administrator do bonis non to proceed to sell said fifty-four acres and divide the proceeds as required by the will.
We are required in the first place to determine whether the widow had a dower interest in said two hundred acres or whether she had a life estate in the one-third thereof. The statement of this question in and of itself indicates that it does not matter which she had; that the meaning is the same; that is true so far as she was concerned. She took the same under the will as at law. Neither would the determination of this question make any difference, as we view it, in the effect of failure to give notice to the minor children of the sale made in 1860, or rather of the proceedings for the sale of said land; that is, whether in such action it was sought to sell said real estate subject to the widow’s dower (all of said real estate) or whether it sought merely to sell the two-thirds to pay debts, having set *556 aside the one-third to the widow for her life and to be disposed of after her death in accordance with the terms of the will.
The proceeding in either event would be an adversary one and the requirement as to notice to the minor children no different in the one case than in the other. But if the widow had a dower interest merely and the two hundred acres were sold subject to her dower in 1860, the defendant and his grantor haying been in adverse and exclusive possession thereof since 1860, under the evidence before us the claim as against Creps is barred by the statute. Sections 4977, 4978, Revised Statutes.
On the other hand, -if the sale was of the portion of the land remaining after setting aside said fifty-four acres, then the statute would not begin to run until the death of the widow and this action would not be barred.
It is to be observed that on August 22, as shown by the first journal entry, three men therein named were directed “upon actual view of the premises described in the petition, ’ ’ .to set off and assign to Martha Jane Stewart, etc.,-one equal third part of the same as her dower therein, and that they make and return an appraisement of “said real estate,” subject to such dower; that thereafter on the same day, as shown by the second entry, said report was approved, and “it is ordered that said petitioner proceed according to law to advertise and sell the real estate in the petition described subject to said dower estate,” etc. -t that it was after this order was made the widow filed her election to take under the will. True she had a right to file her election when she did, but had not the probate court the authority to order the sale of all said real estate, regardless of the provisions of the will, if necessary in order to pay debts? And the court, in Faran v. Robinson, 17 Ohio St., 242, 243, and Hessewmueller v. Mulrooney, 4 N. P., 50, found “that it is necessary to sell said real estate in order to pay debts.” This brings us to the question as to what land was authorized to be sold. Nowhere is it stated what portion, or whether all, of the real estate of Wyatt Stewart is included in said order. But how can it be assumed that but two-thirds of the land was being sold, when it appears that dower interest was assigned out of *557 what was ordered sold, and it sold subject to such dower interest? Even though the entries do not state, nor is there any record that shows, whether all the land was sold, we are permitted to apply some reason to the situation as we find it. If then the fifty-four acres were set off to the widow, and that is what plaintiff claims was done, the balance would not be sold “subject to her dower.” It being sold subject to her dower, and-fifty-four acres being assigned as and for her dower interest, we must conclude that all the land, the two hundred acres, was ordered sold. And in this connection we are permitted to apply Section 6163, Revised Statutes, which provided that:
“The deed of the executor or administrator, made in pursuance of the order of the court, shall be received in all courts as prima facie evidence that the executor or administrator in all respects observed the directions and complied with the requisitions of the law, and shall vest the title in the purchaser, in like manner as if conveyed by the deceased in his lifetime.”
The rule is fundamental that proceedings of courts are presumed to be regular, and every intendment is made to support their powers, and this rule is applicable to this question.
If the plaintiff be otherwise entitled to the order he seeks, we are therefore of opinion that the sale attempted to be made was of the entire tract, and defendant Creps and his grantor having been in possession since jL860, such claim is barred by the statute.
We are in accord with counsel for plaintiff on the proposition that if there be a right of action, it was properly brought in the probate court.
Although we have taken the position above announced as to the running of the statute, we have been sufficiently interested in the several questions raised and so ably presented by counsel that we have quite carefully considered them.
We make these observations: That in the case of Snevely v. Lowe, 18 Ohio, 368; Moore v. Starks, 1 Ohio St., 369, and Benson v. Cilley, 8 Ohio St., 604, attention is called by the court to the fact that it affirmatively appears either that the minor children were not parties or that they were not served with notice, and the court in all those cases found that such defect appeared- affirmatively on the record. In the case of Adams v. *558 Jeffries, 12 Ohio, 253, while the order of sale was the first act of the proceeding of which there was any record or evidence,there was no finding in the order or precedent thereto of notice to anyone. In the proceedings brought into question in this case it not only does not appear affirmatively that no service or that insufficient or improper service was had, but there was a finding by the court precedent to the order of appraisement and sale that “due notice had been given to the defendants.” The cases of Harbeck v. Toledo, 11 Ohio St., 219, and Lambert v. Sample, 25 Ohio St., 336, were both proceedings in error and the rule there stated is not applicable to this case in which the attack is made collaterally.
While the facts appearing here are vague in some respects, the defendants being designated as the widow and heirs of Wyatt Stewart, and though the statute in force in 1860 was more strict in its requirements as to service than the law of 1824 and 1831, referred to in Benson v. Cilley, supra, yet there are circumstances in this case calling for the application of the doctrine therein stated on page 620:
“The property was appraised, advertised and sold; and the whole proceedings were examined, approved and confirmed by the court. The proceeds of the sale were applied to the support and maintenance of the complainants, and the discharge of the debts, which were a lien upon the property paramount to any title of theirs. All this seems to have been done fairly, and was demanded by the necessities and interests of these complainants.. More than a quarter of a century has since elapsed, and this property has largely increased in value; and we are now asked to divest the title of bona fide purchasers, and declare all these proceedings void, because that which, under the circumstances, could have been but a formal ceremony, was dispensed with. Such a claim is surely striciissimi juris, and can require, at our hands, no deviation from precedent. We think the bill must be dismissed.! ’
As we have before stated in the case at bar it not only does not appear affirmatively from the proceedings in the probate court that there was no notice to the children of Wyatt Stewart, as required by law, but it affirmatively appears that there was; that is, We have a finding of the court before making the order of sale that due notice had been given to the defendants.
*559 We must not lose sight of the fact that this is not an error proceeding-, but that the attack made is collateral, and the rule stated by Scott, J., in Richards v. Skiff, 8 Ohio St., 586, 589, applies here:
“Whether the court could have acquired jurisdiction in the case so as to make a valid order of sale, without having the infant defendant before it, we need not inquire, unless the record presents such a case. It is the record of a court of general common law and chancery jurisdiction — a court of record competent to decide on its own jurisdiction; and if the record were silent as to the service of process, it would, in a collateral proceeding, be presumed to have properly acquired jurisdiction.”
In Shroyer v. Richmond, 16 Ohio St., 455, 466, the court says:
“Where the record shows nothing to the contrary, it will be conclusively presumed, in collateral inquiries, that the final order was made upon a proper showing, by the proofs, of all the facts necessary to authorize it. ’ ’
Upon this proposition we direct attention to 1 Freeman, Judgments, Sections 124, 132.
In Trimble v. Longworth, 13 Ohio St., 431, the court states very concisely the distinction between cases of direct and those of collateral attack.
We believe the authorities to be uniform upon the proposition that the finding of service, or the finding of default is conclusive, even where the record would otherwise affirmatively show that proper service had not been made, in all cases where the judgment is collaterally attacked. And we again call attention to the fact that in the cases relied upon by plaintiff here there was no such finding by the court, and not only had there been no such finding but it was ascertained and declared that want of service affirmatively appeared. See Freeman, Judgments, Section 130.
It is further stated in Richards v. Skiff, 8 Ohio St., 586, 590:
“The fact of notice having been found by a court of competent jurisdiction to determine the question, and being shown by a record importing absolute verity, the proof offered in contradiction of it was properly excluded.”
J. 'D. Johnson and R. L. Armstrong, for plaintiff.
M. A. Hoagland, for defendants.
In that case it was found, page 589, that “due notice had been given to the defendants”; in the case at bar it was found that “due notice has been given to said defendants,” etc.
In the case of Richmond v. Kelly, Yan Wert Circuit Court, decided November 10, 1902, affirmed by the Supreme Court, neither decision being reported, the cases we have cited above were followed and applied.
In the proceeding attacked in that case, service had been attempted to be made by publication, and it appeared to have been improperly and insufficiently done, but the court found that the defendants “were in default.” There was no finding that due notice had been given, merely “in default.” The circuit court held in the case above cited that the legal conclusion and presumption is, that the court, when it made that finding, had the evidence before it to warrant that finding, and that purchasers and subsequent purchasers had the right to rely upon such finding of the court in the former proceeding and that no relief would be afforded in a proceeding in the nature of a collateral attack instituted years thereafter.
We have carefully examined not only all authorities in this state but decisions of courts of other states as well, and having applied them to the case before us are of the opinion:
1. That upon the case set forth in the petition the procedure undertaken by plaintiff is proper; that is, if there be a right of action it was properly brought in the probate court; but,
2. That the court ordering the sale of real estate having found that the defendants were served with due notice; that it was necessary to sell said real estate to pay debts, and pursuant thereto, sale having been made of.all said real estate subject to dower, sale confirmed and deed made, such proceedings can not at this time be collaterally attacked.
3. That sale was made of all said land subject to dower in 1860, and that the defendant Creps and grantor have had the exclusive possession thereof since said time and that the claim of plaintiff, if otherwise enforcible, is barred by the statute.